**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley Singer; Barbara Singer, | No. CV-11-01279-PHX-NVW |
| Plaintiffs, | **ORDER** |
| vs. | |
| BAC Home Loan Servicing, LP fka Countrywide Home Loans Servicing, LP; ReconTrust, NA; Carmelia Boone, an individual, | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss (Doc. 8). The motion will be granted for the reasons stated below.

**I.  Background**

On April 22, 2008, Plaintiffs borrowed $336,000 from Bank of America, N.A., for the purchase of real property located at 8319 East Via De Los Libros, Scottsdale, Arizona 85258. The original trustee under the deed of trust was PRLAP, Inc. Plaintiffs made payments on the note until January 2011. Bank of America transferred its interest in the deed of trust to BAC Home Loans Servicing, LP on April 1, 2011. On that same day, BAC Home Loans Servicing, LP appointed ReconTrust Company, N.A. as the successor trustee. Also on April 1, 2011, ReconTrust Company filed a notice of trustee's sale, scheduling the property to be sold by public auction on July 11, 2011. On April 27, 2011, BAC Home Loans Servicing,

LP sent Plaintiffs a letter indicating its intent to sell the property at a trustee's sale. The trustee's sale has not yet occurred. Plaintiffs filed suit in Maricopa County Superior Court on June 2, 2011, asserting four causes of action: 1) Declaratory Relief; 2) False and Fraudulent Recordations; 3) Negligence; and 4) Suit to Quiet Title. Defendants removed the case to this Court on June 28, 2011.

**II.    Legal Standard**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

**III.   Analysis**

Because Plaintiffs have failed to state any plausible claim for relief, Defendants' motion to dismiss (Doc. 8) will be granted.

**A. General Allegations Regarding the Mortgage Industry**

Plaintiffs' complaint relies on arguments regarding the invalidity of the securitization process and the "show me the note theory"–that a party seeking to conduct a trustee's sale must present the promissory note securing the loan in order to conduct a trustee's sale. Plaintiffs have cited no authority for their assertions that securitization has any impact on their obligations under the loan or that a note must be presented to conduct a trustee's sale; rather, these generalized arguments have repeatedly been rejected in this district. *See, e.g., Silvas v. GMAC Mortgage LLC*, No. CV09-0265-PHX-GMS, 2009 WL 4573234 (D. Ariz. Dec. 1, 2009); *Cervantes v. Countrywide Home Loans, Inc.*, No. CV09-517-PHX-JAT, 2009 WL 3157160 (D. Ariz. Sept. 24, 2009). Additionally, although Plaintiffs assert that Carmelia Boone is a "robosigner" and unlawfully signed the substitution of trustee, they have provided no facts supporting this claim or establishing a duty on Ms. Boone's part to "study and review"the substitution of trustee form before signing it. (Doc. 1-1.) Accordingly, none of Plaintiffs' generalized claims about the securitization process, the "show me the note" theory, or robosigning state a plausible claim for relief.

**B. "Fraudulent Recordations"**

In their second cause of action, Plaintiffs allege that Defendants violated A.R.S. § 33–420 by recording certain of the loan documents that "show irregularities consistent with robo-signing[.]" (Doc. 1-1.) A.R.S. § 33–420 prohibits a party from recording "an interest in, or a lien or encumbrance against, real property" when that party "knows[s] or ha[s] reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid[.]" Plaintiffs rely on the same meritless allegations, rejected above, about the invalidity of the securitization process and any resulting transfers of the deed of trust to support their claim that Defendants had no interest in Plaintiffs' property and thus wrongly recorded loan documents in violation of A.R.S. § 33–420. Plaintiffs have offered no facts to show Defendants were knowingly recording false documents, and have not even stated which particular documents were allegedly recorded in violation of A.R.S. § 33–420. Accordingly, Count Two fails to state a plausible claim for relief.

### C. Negligence

In their third cause of action, Plaintiffs allege that BAC Home Loans Servicing, LP, owed them a "duty to be fair and to exercise the reasonable care of an attorney[.]" (Doc. 1-1.) Plaintiffs further allege that Carmelia Boone acted negligently by signing the substitution of trustee form appointing ReconTrust Company as trustee because she should have know that BAC Home Loans Servicing, LP did not have the power to appoint a substitute trustee. Plaintiffs also claim that ReconTrust Company "could not rely on the statement of breach" provided by BAC Home Loans Servicing, LP because BAC Home Loans Servicing, LP was not a "valid beneficiary[.]" (Doc. 1-1.)

In order to establish a claim for negligence, Plaintiffs must show

> 1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages.

*Gipson v. Kasey*, 214 Ariz. 141, 143, 150 P.3d 227, 231 (2007). Plaintiffs fail to explain the basis for any duty owed by any Defendants, why Defendants "should have known" the various allegations that are said to have resulted in breaches of their purported duties, or how these breaches caused them injury. Accordingly, Plaintiffs' negligence claim fails to state a claim for which relief can be granted.

### D. Quiet Title

In their fourth cause of action, Plaintiffs assert a claim to quiet title to their property. In order to state claim to quiet title, Plaintiffs must allege that they have satisfied their loan obligations and are accordingly entitled to the release of the deed of trust. *See Farrell v. West*, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941) (noting that where there is "an unsatisfied balance due to a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [plaintiff] pays off such mortgage lien"). However, Plaintiffs have not indicated that they are able or willing to tender the full amount owed on the loan or that they are otherwise equitably entitled to quiet title relief. Accordingly, Plaintiffs have failed to state a claim for relief in Court Four.

### E. Declaratory Relief

Plaintiffs also seek as an independent cause of action declaratory relief. However, declaratory relief is a "remed[y] for underlying causes of action . . . not [a] separate cause[] of action[.]" *Silvas v. GMAC Mortgage, LLC*, No. CV-09-0265-PHX-GMS, 2009 WL 4573234, at *6 (D. Ariz. Dec. 1, 2009) (citations omitted). Since Plaintiffs have not sufficiently pled any underlying cause of action, they are not entitled to declaratory relief.

### F. Dismissal of ReconTrust

ReconTrust was appointed as substitute trustee on April 1, 2011 (Doc. 8-1). Actions against a substitute trustee are governed by A.R.S. § 33–807(E), which provides that a trustee "need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust." Where a trustee is named in an action that does not allege a breach of the trustee's duties, "the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee." A.R.S. § 33–807(E). Because Plaintiffs have only alleged that ReconTrust does not have authority to institute a trustee's sale, and not that ReconTrust breached any of its trustee's duties, ReconTrust, as substitute trustee, is independently entitled to dismissal of the claims against it pursuant to A.R.S. § 33–807(E).

## IV. Leave to Amend

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs will be given an opportunity to amend their complaint to make clear their allegations in short, plain statements. Any amended complaint must conform to the requirements of Rule 8(a), 8(d)(1), and 9(b) of the Federal Rules of Civil Procedure. Plaintiffs are warned that if they elect to file an amended complaint and fail to comply with the Court's instructions explained in this order, the action may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose,

confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. 8) is granted.

IT IS FURTHER ORDERED that Plaintiffs may file an amended complaint by August 5, 2011. The Clerk is directed to terminate this case without further order if Plaintiffs do not file an amended complaint by August 5, 2011.

DATED this 21st day of July, 2011.

/s/ Neil V. Wake
Neil V. Wake
United States District Judge